UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC STANBERRY                                                                CIVIL ACTION

VERSUS                                                                              NO. 11-1456

MARLIN N. GUSMAN, ET AL.                                          SECTION: "I"(1)

REPORT AND RECOMMENDATION

Plaintiff, Eric Stanberry, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Marlin N. Gusman, C. Loque, C. Bordelon, and the Orleans Parish Sheriff's Office. In this lawsuit, plaintiff claims that his rights are being violated because the services available to him within the Orleans Parish Prison system pale in comparison to the wider array of services available to state prisoners housed in facilities operated by the Louisiana Department of Public Safety and Corrections. As relief, he requests monetary damages and a transfer to a state prison.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

2

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as malicious, frivolous, and/or failing to state a claim on which relief may be granted.

Plaintiff candidly acknowledges in his complaint that he previously filed a lawsuit dealing with these same facts or otherwise relating to his imprisonment.[2] In that prior lawsuit, plaintiff also sued Gusman, Bordelon, and Loque, likewise claiming that he should be transferred to a state prison where he could enjoy the same level of services available to other state prisoners. That lawsuit was dismissed with prejudice on June 16, 2011. Stanbarry [sic] v. Gusman, Civ. Action No. 11-1010 "B"(5), 2011 WL 2435367 (E.D. La. June 16, 2011). If plaintiff disagrees with that dismissal, his recourse is to file an appeal, not to simply file another lawsuit asserting the same claim. Brown v.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Rec. Doc. 1, pp. 1-2.

3

Louisiana, Civ. Action No. 10-780, 2010 WL 1710326, at *2 (E.D. La. Mar. 11, 2010), adopted, 2010 WL 1710313 (E.D. La. Apr. 26, 2010); Wilkerson v. 17th Judicial District Court, Parish of Lafourche, Civ. Action No. 08-1196, 2009 WL 249737, at *3 (E.D. La. Jan. 30, 2009).  Because the instant lawsuit duplicates that prior lawsuit, it should be dismissed as malicious.[3]

Out of an abundance of caution, the Court further notes that, even if plaintiff's complaint is not dismissed as malicious, it should still be dismissed on the alternative grounds that it is frivolous and/or fails to state a claim on which relief may be granted.

In this lawsuit, plaintiff asserts an equal protection claim.  However, to properly state such a claim, his allegations must have two prongs:  (1) "that he received treatment different from that received by similarly situated individuals" and (2) "that the unequal treatment stemmed from a discriminatory intent."  Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001).  Plaintiff fails to satisfy either of those prongs.

As to the first prong, plaintiff's allegations are clearly insufficient.  As noted, plaintiff compares himself and the conditions of his confinement to prisoners in Louisiana state prisons and the conditions of their confinement.  However, that is not the relevant comparison for equal

---

[3] The fact that plaintiff has added the Orleans Parish Sheriff's Office as an additional defendant in the instant lawsuit does not dictate a different result.  As a preliminary matter, it must be noted that the Sheriff's Office is not even a legal entity subject to suit.  Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).  Further, in any event, a second complaint is still considered to be malicious if plaintiff "repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants."  Bailey, 846 F.2d at 1021.

protection purposes. Because plaintiff has no right to be housed in a state prison,[4] any comparison to prisoners in Louisiana state prisons and the conditions of their confinement is irrelevant. Rather, for equal protection purposes, the only relevant comparison is whether he is treated differently than persons "similarly situated," and the only such persons in that category are his fellow inmates within the Orleans Parish Prison system. See Woods v. Collins, No. 95-10432, 1995 WL 581879, at *2 (5th Cir. Sept. 21, 1995); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Clark v. Foti, No. 94-30615, 1995 WL 136127, at *2 (5th Cir. Mar. 8, 1995); Davis v. St. Charles Parish Corr. Center, Civ. Action No. 10-98, 2010 WL 890980, at *6 (E.D. La. Mar. 8, 2010); Hill v. Stephens, Civ. Action No. 08-5233, 2009 WL 1808596, at *2 (E.D. La. Jun. 18, 2009); Hymel v. Champagne, No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007); Santos v. Louisiana Department of Corrections Secretary, Civ. Action No. 95-4215, 1996 WL 89260, at *5 (E.D. La. Feb. 28, 1996). Because plaintiff does not allege that he was treated differently than those prisoners, he has not stated a cognizable equal protection claim.

---

[4] Louisiana law expressly provides: "[A]ny individual subject to confinement in a state adult penal or correctional institutional shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. § 15:824(A). State law further expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. § 15:824(B)(1)(a). Moreover, plaintiff had no federal constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison was much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3 (E.D. La. Oct. 29, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007).

Further, his claim also fails at the second prong of the analysis. As to that prong, "[d]iscriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of ... the adverse impact it would have on an identifiable group." United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992); see also Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff does not allege that the different treatment here stems from an intent to discriminate against him due to his membership in any identifiable group. "[I]n the absence of an allegation of discriminatory motive, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief based on the denial of equal protection." Stevenson v. Louisiana Board of Parole, No. 01-30252, 2001 WL 872887, at *1 (5th Cir. July 11, 2001).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as malicious, frivolous, and/or failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-seventh day of June, 2011.

                    **SALLY SHUSHAN**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.