```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

ERIC STANBERRY                                    CIVIL ACTION

VERSUS                                            NO: 11-1456

MARLIN N. GUSMAN, ET AL                           SECTION: B(5)

                        ORDER AND REASONS

The Report and Recommendation (Rec. Doc. No. 4) of United States Magistrate Judge Sally Shushan is adopted as the opinion of the Court.  Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

Plaintiff, Eric Stanberry, filed a *pro se* complaint against Defendants, Martin N. Gusman, C. Loque, C. Bordelon, and the Orleans Parish Sherriff's Office, pursuant to 42 U.S.C. §1983. (Rec. Doc. 4 at 1).  The Plaintiff's prior §1983 claim was dismissed with prejudice and he refiled suit, naming the Orleans Parish Sherriff's Office as an additional defendant.[1]  (Rec. Doc. 4 at 3).  Like his first complaint, the Plaintiff based this §1983 claim on the fact that the services and conditions at the Orleans Parish Prison are inferior to the services and conditions at Louisiana state prisons, and as a result of the inferior conditions, his rights are being violated.  (Rec. Doc. 4 at 1). Plaintiff requests transfer to a Louisiana state prison and monetary damages.  (Rec. Doc. 4 at 1).  On June 27, 2011, Plaintiff

---

[1] *Stanbarry [sic] v. Gusman*, Civ. Action No. 11-1010 "B"(5), 2011 WL 2435367 (E.D. La. June 16, 2011).

submitted a letter requesting an update on the status of his claim and requesting an attorney. (Rec. Doc. 5 at 1). On the same day, Magistrate Judge Sally Shushan dismissed this case with prejudice (Rec. Doc. 4 at 6).

Federal law states that for *in forma pauperis* cases a court shall dismiss a case at any time if the court determines that the action is: (i) frivolous or malicious; (ii) fails to state a claim upon which relief can be granted; or (iii) seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

The Fifth Circuit has held that a claim is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). The previous claim was dismissed on June 16, 2011 in Civil Action No. 11-1010 with prejudice, and the Plaintiff argues in this case, like in the previous case, that he is entitled be transferred to a Louisiana state prison of its superior services and conditions to the Orleans Parish Prison. (Rec. Doc. 4 at 3).

This case must be dismissed as malicious because Plaintiff's recourse is to appeal the dismissal of the first claim, not file another lawsuit with identical claims. *Brown v. Louisiana*, Civ. Action No. 10-780, 2010 WL 1710326, at *2 (E.D. La. Mar. 11, 2010), *adopted* 2010 WL 1710313 (E.D. La. Apr. 26, 2010); *Wilkerson v. 17th*

2

*Judicial Dist. Court, Parish of Lafourche*, Civ. Action No. 08-1196, 2009 WL 249737, at *3 (E.D. La. Jan 30, 2009). The fact that the Plaintiff added the Orleans Parish Sherriff's Office does not change the nature of the complaint. (Rec. Doc. 4 at n.3). A suit is still considered malicious if it repeats the same factual allegations but names different defendants, like the instant case. *Bailey*, 846 F.2d at 1021.

Alternatively, Plaintiff's complaints should be dismissed as frivolous and/or failing to state a claim upon which relief can be granted. The Fifth Circuit has held that a complaint is frivolous if it lacks an arguable basis in law or fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The Fifth Circuit has also held that a complaint fails to state a claim for which relief can be granted when the plaintiff does not "plead enough facts to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Assuming the allegations in Plaintiff's 1983 claim are true, in order for the claim to succeed, Plaintiff must prove that: (1) he received different treatment from that received by similarly situated individuals; and (2) that unequal treatment stemmed from a discriminatory intent. *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

With regard to the first element, the Magistrate Judge held

that Plaintiff did not receive treatment different from similarly situated individuals because he is not similarly situated with prisoners in Louisiana state prisons. (Rec. Doc. 4 at 5). The only relevant comparison is whether Plaintiff is treated differently than prisoners in the Orleans Parish Prison system. *See Woods v. Collins*, No. 95-10432, 1995 WL 581879, at *2 (5th Cir. Sept. 21, 1995) ("To establish an equal protection violation, Woods must, among other things, demonstrate that *similarly situated individuals* were treated differently."); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) ("The Equal Protection Clause is not implicated simply because county authorities treat their transfer-ready prisoners differently than the TDCJ treats its inmates."); *Clark v. Foti*, No. 94-30615, 1995 WL 136127, at *2 (5th Cir. Mar. 8, 1995) ("Nothing indicates that the inmates at Parish prisons are, for purposes of an equal protection analysis, similarly situated to inmates at a state facility."); *Davis v. St. Charles Parish Corr. Ctr.*, Civ. Action No. 10-98, 2010 WL 890980, at *6 (E.D. La. Mar. 8, 2010) ("Because plaintiff has no right to be housed in state prison, any comparison to prisoners in Louisiana state prisons and the conditions of their confinement is irrelevant."); *Hill v. Stephens*, Civ. Action No. 08-5233, 2009 WL 1808596, at *2 (E.D. La. Jun. 18, 2009) ("Prisoners at different facilities are not similarly situated for equal protection purposes."); *Hymel v. Champagne*, No. 07-450, 2007 WL 1030207, at *2

(E.D. La. Mar. 28, 2007) ("A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty...to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be more disagreeable than in another."); *Santos v. La. Dep't of Corr. Sec'y*, Civ. Action No. 95-4215, 1996 WL 89260, at *5 (E.D. La. Feb. 28, 1996) ("[F]or Equal Protection purposes, Santos is similarly situated with, and ought to be compared to, those prisoners housed at the OPP."). Because Plaintiff here is comparing his treatment to the prisoners in Louisiana prisons and not Orleans Parish Prison system, he has not demonstrated that he receives unequal treatment from similarly situated people and therefore has not stated a claim for which relief can be granted. (Rec. Doc. 4 at 5).

Further, Plaintiff fails to satisfy the second prong of the §1983 requirement because the unequal treatment was not a result of discriminatory intent. (Rec. Doc. 4 at 6). In order to establish discriminatory intent, the decision maker must have selected a course of action because of the adverse impact it would have on an identifiable group. *United States v. Galloway*, 951 F.2d 64, 65(5th Cir. 1992). In this case, Plaintiff did not state a cause of action that would establish discriminatory intent because he did not allege that he was treated unequally because of the impact on an identifiable group. (Rec. Doc. 4 at 6).

Because Plaintiff's claims are considered malicious under federal law and the Plaintiff does not allege facts sufficient to grant relief for a §1983 claim,

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 8th day of August, 2011.

_____
United States District Judge